United States Bankruptcy Court

Central District of California

In re:                                                                                      Case No. 25-18980-WB

Johnny Chek                                                                           Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0973-2 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Nov 06, 2025 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**       **Definition**

+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 08, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Johnny Chek, 3014 Tanager Ave, Commerce, CA 90040-2719 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 08, 2025                          Signature:              /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 6, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Anthony A. Friedman | on behalf of Interested Party Tanager Co. LLC aaf@lnbyg.com |
| Nancy K Curry (TR) | inquiries@trusteecurry.com  TrusteeECFMail@gmail.com |
| Shannon A Doyle | on behalf of Interested Party Courtesy NEF sdoyle@ghidottiberger.com  bknotifications@ghidottiberger.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

TOTAL: 4

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|

ANTHONY A. FRIEDMAN (SBN 201955)
aaf@lnbyg.com
Levene, Neale, Bender, Yoo & Golubchik L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone 310-229-1234
Facsimile 310-229-1244

**FILED & ENTERED**

**NOV 06 2025**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

☒ *Attorney for Movant*
☐ *Movant appearing without an attorney*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – _LOS ANGELES_ DIVISION**

In re:

JOHNNY CHEK

CASE NO.: 2:25-bk-18980 WB

CHAPTER: 13

**ORDER DENYING MOTION FOR RELIEF**
**FROM STAY UNDER 11 U.S.C. § 362**
**(UNLAWFUL DETAINER)**

DATE: 11/4/2025
TIME: 10:00 a.m.
COURTROOM: 1375
PLACE: 255 E. Temple Street
　　　　Los Angeles, California 90012

Debtor(s).

**Movant:** Tanager Co., LLC

1. The Motion was:　☐ Opposed　☒ Unopposed　☐ Settled by stipulation

2. This order applies to the following real property (Property):

   Type of property: ☐ Residential　☒ Nonresidential

   *Street Address:* *3014 Tanager Avenue*
   *Unit/Suite number:*
   *City, State, Zip Code:* *Commerce, California 90040*

3. The Motion is granted under:

   a. ☐ 11 U.S.C. § 362(d)(1)

   b. ☐ 11 U.S.C. § 362(d)(2)

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

c. ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

(2) ☐ Multiple bankruptcy cases affecting the Property.

(3) ☐ The court ☐ makes ☐ does not make ☐ cannot make  a finding that the Debtor was involved in this scheme.

(4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

c. ☐ Annulled retroactive to the bankruptcy petition date.  Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

a. ☐ without further notice.

b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

a. ☐ without further notice.

b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (*specify*):  Debtor's case was dismissed on October 27, 2025.

Movant's request for relief under §§ 362(d)(1) and (d)(2) are DENIED as moot because the underlying bankruptcy case has been dismissed.

Notwithstanding the case dismissal, the Court retained jurisdiction to hear Movant's request pursuant to 11 U.S.C. § 362(d)(4). The Court having read and reviewed the Motion with regard to Movant's request pursuant to 11 U.S.C. § 362(d)(4), it is ordered that Movant's request pursuant to 11 U.S.C. § 362(d)(4) is DENIED.

###

Date: November 6, 2025

Julia W. Brand
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                        F 4001-1.RFS.UD.ORDER